**IN THE UNITED STATES DISTR ICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JERMAINE "NATHANIEL" GLYNN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVL ACTION NO. 20-CV-1393** |
| | : | |
| **ELLSWORTH CONGREGATION OF** | : | |
| **JEHOVAH'S WITNESSES** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

Plaintiff Jermaine "Nathaniel" Glynn, proceeding *pro se*, seeks leave to proceed *in forma pauperis* in this this civil action. For the following reasons, the Court will grant Glynn leave to proceed *in forma pauperis*, dismiss his Complaint, and grant him leave to file an amended complaint.

## I.    FACTUAL ALLEGATIONS[1]

Glynn's Complaint purports to assert claims against the Ellsworth Congregation of Jehovah's Witnesses, all other Congregations of Jehovah's Witnesses, and "Anyone who does not know." He alleges that both federal question and diversity jurisdiction exist. He cites both the First and 14th Amendments, and 42 U.S.C. § 3604, which prohibits discrimination in the sale or rental of housing, as the basis for his claim. However, the Complaint provides no details; it describes no events or conduct undertaken by the named defendants that could give rise to a claim.

Glynn simply alleges that the facts giving rise to his claim took place on January 27, 2020 at 7:27 p.m. at the Ellsworth Congregation of Jehovah's Witnesses in Philadelphia. His statement of his claim is as follows:

---

[1] The facts set forth in this Memorandum are taken from Glynn's Complaint.

> God thus spoke all these words:
> I am Jehovah Your God, you must never have any other gods
> besides me.
> You must be careful to do all that I have said to you, and you must
> not mention the names of other gods; they should not be heard on
> 'your' mouth.

He includes as additional support for his claim that he is an Israelite Levitical priest, a

baptized Christian, and a spirit anointed Levitical priest.  (*Id.* at 9.)  Further, he states:

> This is what the Sovereign Lord Jewah says:
> As for the Levitical Priests, they will approach me to minister to
> me.  They are the ones who will enter my sanctuary and they will
> approach my table to minister to me.  He should not go out from
> the sanctuary, and any stranger who approaches should be put to
> death.

Glynn requests relief as follows:

> I, Jermaine "Nathaniel" Glynn appoint United States District Court
> Judges Jacob P. Hart and Joseph F. Leeson, Jr. to order [the named
> Defendants] to:
> 1. Do according to all that the Levitical Priest will instruct you.
> Do exactly as I [Jehovah] command them.
> 2. If in spite of these things you do not accept my correction and
> you insist on walking in opposition to me, then I myself will strike
> you seven times for your sins.  I will bring an avenging sword
> upon you for breaking the covenant.  You will be given into the
> hand of an enemy.
> 3. And I will unsheathe a sword after you and your land will be
> made desolate, and your riches will be devastated.

Glynn also purports to request injunctive relief, and describes the following irreparable

injury he seeks to prevent:

> Down to this very hour we continue to hunger and thirst and to be
> poorly clothed and to be beaten and to be homeless and to toil,
> working with our own hands.  When insulted, we bless; when
> persecuted, we patiently endure; when slandered, we answer
> mildly.  We have become as the garbage of the world, the
> offscouring of all things until now.

Glynn does not provide any other information as to the factual basis of the instant action, the legal basis of the claim asserted, or the relief sought.

## II.     STANDARD OF REVIEW

Glynn will be granted leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which mandates his Complaint be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires determining whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Glynn is proceeding *pro se*, his allegations must be construed liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of

establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief."  A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III.   DISCUSSION

Glynn's Complaint offers no hint as to what the issues may be in this case and the Court declines to speculate.  In the absence of any facts establishing this Court's jurisdiction,[2] putting the named Defendants on notice as to the nature of the claims against them, or "ensur[ing] that the Court is sufficiently informed to determine the issue," the Complaint must be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.  Because it cannot be stated with

---

[2] Notwithstanding Glynn's reference to the First and Fourteenth Amendments and statutes prohibiting discrimination in housing, the Court can discern no facts that would implicate either, and therefore, sees no basis for the applicability of federal questions jurisdiction.  As to diversity jurisdiction, Glynn alleges that he is a citizen of the Kingdom of God, and that the Defendants are citizens of Pennsylvania and New York.  As to the amount in controversy, Glynn states as follows:

> You must without fail give [10%] of everything your seed produces in the field
> year by year.  You may then convert it into money, and with your money in
> hand, travel to the place the Jehovah your God will choose
> I was given as a permanent allowance.

These allegations do not permit the exercise of diversity jurisdiction.

4

certainty that Glynn cannot state a viable claim, he will be granted leave to file an amended complaint.

## IV.    CONCLUSION

For the foregoing reasons, Glynn's motion for leave to proceed *in forma pauperis* will be granted and his Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to comply with Rule 8 and failure to state a claim.  Glynn will be permitted to file an amended complaint to attempt to cure the defects noted above.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

**April 27, 2020**                                             **BY THE COURT:**

                                                                      **/s/Wendy Beetlestone, J.**

                                                                      _____
                                                                      **WENDY BEETLESTONE**